## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

MARLAINE E. STEPHENS,      )
         )
    **Plaintiff,**      )
         )
**v.**         )      **Case No. CIV-18-263-G**
         )
**ANDREW SAUL,**      )
**Commissioner of Social Security,**[1]    )
         )
    **Defendant.**     )

## OPINION AND ORDER

Plaintiff Marlaine E. Stephens brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for supplemental security income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-1383f. The Court has reviewed the administrative record (Doc. No. 12, hereinafter "R. \_"), and the arguments and authorities submitted by the parties. The Commissioner's decision is affirmed.

PROCEDURAL HISTORY AND ADMINISTRATIVE DECISION

Plaintiff protectively filed her SSI application on February 18, 2015, and ultimately alleged that her disability began on that same date. R. 15, 40, 147-52. The SSA denied her application initially and on reconsideration. R. 64-92. At Plaintiff's request, an administrative law judge ("ALJ") held a hearing on November 17, 2016, after which the ALJ issued an unfavorable decision on February 14, 2017. R. 12-63.

---

[1] The current Commissioner is substituted as Defendant pursuant to Federal Rule of Civil Procedure 25(d).

The ALJ followed the five-step sequential evaluation process in determining Plaintiff was not entitled to disability benefits. *See Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009); 20 C.F.R. § 416.920. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity during the relevant time period. R. 17. At step two, the ALJ determined that Plaintiff has severe impairments of right-leg tibial fracture post-surgical repair and hardware removal and traumatic arthritis in the right knee. R. 17-19.

At step three, the ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of any of the presumptively disabling impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Listings"). R. 19-20.

The ALJ next assessed Plaintiff's residual functional capacity ("RFC") during the relevant period, based on all of her medically determinable impairments, and found:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 CFR 416.967(b) except no climbing of ladders, ropes or scaffolds, and no crawling. Crouching, kneeling, and climbing ramps or stairs can be done occasionally. [Plaintiff] has no limitations with respect to stooping or balancing. Handling and fingering on the left side can be done frequently. No exposure to unprotected heights, open flames, dangerous machinery or equipment, or other hazardous conditions (note that not all moving machinery is dangerous, such as machinery where moving parts are shielded).

R. 20. At step four, the ALJ found that Plaintiff had no past relevant work. R. 24.

At step five, the ALJ considered whether there are jobs existing in significant numbers in the national economy that Plaintiff—in view of her age, education, work experience, and RFC—could perform. R. 25. Relying upon the hearing testimony of a vocational expert, the ALJ found that Plaintiff could perform light unskilled occupations

such as booth cashier, ticket taker, and office helper, and that these occupations offer jobs

that exist in significant numbers in the national economy. R. 25. The ALJ therefore

determined that Plaintiff had not been disabled within the meaning of the Social Security

Act during the relevant period. R. 26.

The SSA Appeals Council denied review, R. 1-6, and the ALJ's unfavorable

decision stands as the Commissioner's final decision. *See* 20 C.F.R. § 416.1481.

## STANDARD OF REVIEW

This Court's judicial review of the Commissioner's final decision is limited to

determining whether factual findings are supported by substantial evidence in the record

as a whole and whether correct legal standards were applied. *Poppa v. Astrue*, 569 F.3d

1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*,

331 F.3d 758, 760 (10th Cir. 2003) (internal quotation marks omitted). "A decision is not

based on substantial evidence if it is overwhelmed by other evidence in the record or if

there is a mere scintilla of evidence supporting it." *Branum v. Barnhart*, 385 F.3d 1268,

1270 (10th Cir. 2004) (internal quotation marks omitted). The court "meticulously

examine[s] the record as a whole," including any evidence "that may undercut or detract

from the ALJ's findings," in determining whether the ALJ's decision is supported by

substantial evidence. *Wall*, 561 F.3d at 1052 (internal quotation marks omitted). Though

a reviewing court considers whether the Commissioner followed applicable rules of law in

weighing particular types of evidence in disability cases, the court does not reweigh the

evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008).

ANALYSIS

In this action, Plaintiff asserts that the ALJ failed to properly evaluate the evidence relating to Plaintiff's gait impairments and that the ALJ's RFC is not supported by substantial evidence. *See* Pl.'s Br. (Doc. No. 16) at 6-13.[2]

### A. The ALJ's Evaluation of the Evidence

Plaintiff first argues that the ALJ "ignored most of the probative medical evidence" regarding Plaintiff's gait impairments. *Id.* at 6. Specifically, Plaintiff complains that the ALJ failed to explicitly discuss several findings by consultative examiner Subramanjam Krishnamurthi, MD, and Beau Jennings, DO, as well as by treating physician Bretton Jameson, MD, and Plaintiff's physical therapist. According to Plaintiff, this evidence reflected 21 findings of gait abnormalities, but the ALJ only discussed 3 such findings, and the ALJ's evaluation of this evidence failed to comply with applicable legal standards. *See id.* at 10.

Plaintiff is correct that "[t]he record must demonstrate that the ALJ considered all of the evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). "[A]n ALJ is not required to discuss every piece of evidence," however. *Id.* at 1009-10. Rather, the ALJ must discuss the evidence supporting his or her decision, the uncontroverted evidence he or she chooses not to rely on, and the "significantly probative evidence" that is rejected.

---

[2] With the exception of the administrative record, references to the parties' filings use the page numbers assigned by the Court's electronic filing system.

*Id.* at 1010.  Relatedly, an ALJ may not properly "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004).

Plaintiff has not shown that the ALJ failed to adhere to these standards when assessing the relevant medical record.  The written decision reflects that the ALJ considered the records cited by Plaintiff, as well as Plaintiff's subjective complaints.  R. 17-19, 20-24; *see also* R. 20 (ALJ noting that he gave "careful consideration" to the "entire record").  The ALJ set forth lengthy summaries of Dr. Krishnamurthi's, Dr. Jennings', Dr. Jameson's, and others' findings and treatment notes, including multiple references to gait issues, and specifically weighed the opinions contained therein.  *See* R. 20, 21, 22; *see, e.g.*, R. 21 (noting Dr. Krishnamurthi's observation of a right-sided limp and Dr. Jennings' observation of an antalgic gait).  The authorities cited above do not require the ALJ to explicitly document each subfinding within physicians' records.  Nor does the quantity of mentions of an abnormality in the evidence, by itself, show that a claimant is disabled by that abnormality.  *Cf. Paulsen v. Colvin*, 665 F. App'x 660, 666 (10th Cir. 2016) ("The mere diagnosis of a condition does not establish its severity or any resulting work limitations.").  The written decision does not reflect improper picking and choosing, and the Court may not reweigh the evidence that was before the ALJ.  *See Bowman*, 511 F.3d at 1272.

### B.  The ALJ's RFC Determination

Plaintiff next challenges the ALJ's RFC determination, arguing that the RFC is not supported by substantial evidence in light of Plaintiff's right-leg lower-extremity

impairments and her gait difficulties.  *See* Pl.'s Br. at 12-13.  According to Plaintiff, these issues are inconsistent with the ALJ's finding that Plaintiff could perform the standing and walking requirements of light work.  *See* SSR 83-10, 1983 WL 31251, at *6 (Jan. 1, 1983) (noting that light work generally requires "standing or walking, off and on, for a total of approximately 6 hours of an 8-hour work day").

As noted above, the evidence does note problems with Plaintiff's right leg and her gait before and during the relevant disability period.  But the RFC does not simply limit Plaintiff to light work; it also includes numerous postural limitations that restrict Plaintiff to something less than a full range of light work.  *See* R. 20 (prohibiting Plaintiff from climbing ladders, ropes, or scaffolds, and from any exposure to unprotected heights and dangerous equipment; limiting Plaintiff to only occasional crouching, kneeling, and climbing ramps or stairs).

The consultative examiners' opinions Plaintiff cites were issued over one year before Plaintiff's alleged onset date and, as noted by the ALJ, over one year prior to Plaintiff's surgery to remove hardware from her right lower extremity.  R. 21, 248, 259, 311.[3]  Following that March 2015 surgery, Plaintiff attended physical therapy and reported improvement in her strength and stability, although there was some continuing pain.  R. 21, 343, 345, 347, 349, 352, 354, 356.  In October 2015, Plaintiff's treating physician reported that she had right knee-joint tenderness and an antalgic gait but that her right lower

---

[3] Plaintiff does not allege error in the ALJ's denial of a posthearing consultative examination. *See* R. 15.  Nor does Plaintiff challenge the ALJ's consideration of her subjective complaints or the specific weights assigned to the relevant opinion evidence.

extremity had reduced pain, full range of motion, and no recent falls, instability, weakness, wounds, visible deformity, or palpable abnormality. R. 349-51. Although Plaintiff did receive one steroid injection on July 30, 2015, R. 327-29, the ALJ's findings that Plaintiff "regained a progressively greater degree of functioning" and was treated conservatively postsurgery are amply supported by the record. R. 21. Plaintiff has not shown that the RFC determination is "overwhelmed by other evidence in the record" or has "a mere scintilla of evidence supporting it." *Branum*, 385 F.3d at 1270 (internal quotation marks omitted). Reversal is not required on this basis.

## CONCLUSION

The challenged findings are supported by substantial evidence in the record and do not reflect prejudicial legal error. The decision of the Commissioner is AFFIRMED. A separate judgment shall be entered.

IT IS SO ORDERED this 23rd day of September, 2019.

_____
CHARLES B. GOODWIN
United States District Judge

7